# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.            No. CR 18-0064 RB

JUAN GABRIEL PEREZ-ROMERO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Reduce Sentence, filed on August 16, 2018. (Doc. 23.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.  Background**

On January 9, 2018, Mr. Romero pled guilty pursuant to a Fast Track Plea Agreement and an information charging a violation of 8 U.S.C. §§ 1326(a)(1) and (b)(1): re-entry of an alien after deportation. (Docs. 11; 14.) According to the 2016 Guidelines Manual, Defendant's offense level was calculated as 17. (*See* Doc. 16 (PSR) at 4.) "[H]owever, pursuant to Rule 11(c)(1)(C) and U.S.S.G. 5K3.1, the offense level [was] reduced by two levels[,]" making his total offense level 15. (*Id.* ¶ 20.) Defendant's criminal history category was IV, which suggested a guideline imprisonment range of 30–37 months. (*Id.* ¶¶ 29, 57.)

The Court sentenced Mr. Romero to 30 months imprisonment on February 20, 2018. (Doc. 22.) Additionally, the Court imposed a sentence in an unrelated matter on February 20, 2018, sentencing Mr. Romero to three months imprisonment to run consecutively, and nine months imprisonment to run concurrently, to the sentence imposed in 18cr0064. *See United States v.*

*Perez-Romero*, 17-CR-3536, Judgment (D.N.M. Feb. 20, 2018). Mr. Romero did not appeal either sentence.

**II.     Analysis**

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

Defendant does not contend that any of these three circumstances exist. (*See* Doc. 23.) Instead, he asserts that he is entitled to a four-point reduction under the fast track program authorized by U.S.S.G. 5K3.1. (*Id.* at 2.) (*Id.*) Contrary to Defendant's assertion, however, "the fast-track policy in the District of New Mexico only permits a two-level—not a four-level—reduction from the base offense level." (*See* Doc. 29 at 2.) Defendant received the two-level reduction pursuant to the fast-track program. (*See id.*; *see also* PSR ¶ 20 ("The offense level is 17; however, pursuant to Rule 11(c)(1)(C) and U.S.S.G. 5K3.1, the offense level is reduced by two

levels" to 15.) As Defendant has not shown that he is eligible for a sentence reduction under Section 3582(c) or any other authority, the Court will dismiss his motion as moot.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 23) is **DISMISSED AS MOOT**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE